**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RICHARD PARKHURST,

      Plaintiff,

vs.                                   CIVIL ACTION NO.

HIRING 4 U, INC. a Florida for
Profit Corporation.

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RICHARD PARKHURST("Plaintiff" or "Parkhurst"), through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, HIRING 4 U, INC., a Florida for Profit Corporation, ("Defendant") and states as follows:

**PRELIMINARY STATEMENT**

1.      The Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, as amended (the "ADA"), is a remedial statute aimed at combating Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8). The ADA is meant to protect qualified employees, like Plaintiff, from discrimination, harassment and retaliation in the workplace an account of a real or perceived mental or physical disability. 42 U.S.C. § 12112. Therefore, termination on account of an employee's real or perceived disability is unlawful.

2.      This is a disability discrimination action brought pursuant the ADA, and Fla. Stat. 760 *et. seq.* (the "FCRA"), by RICHARD PARKHURST, a 55-year-old white male, who suffers from a medically diagnosed disability and was terminated from his employment for no

1

reason other than his disability. The Plaintiff seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount he is found to be entitled; (iii) liquidated damages in whatever amount he is found to be entitled; (iv) an award of interest, costs and reasonable attorney's fees and expert witness fees; (v) punitive damages; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and (ix) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

3.      The Court has original jurisdiction pursuant to 28 U.S.C. § 1331. *See* 42 U.S.C. § 2000e *et seq*.

4.      The Court has supplemental jurisdiction over Plaintiff's Florida Civil Rights Act ("FCRA") claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's ADA claims that they form part of the same case or controversy.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is located within the Tampa Division of the Middle District of Florida.

## SATISFACTION OF CONDITIONS PRECEDENT

6.      On or about June 18, 2019, Plaintiff dual filed his Charge of Discrimination (" Charge") with the Equal Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging that Defendant, HIRING 4 U, INC discriminated and retaliated against him because of his medical condition, in violation of the Civil Rights Act of 1964 and the FCRA.

7.      On September 5, 2019, the EEOC issued a Dismissal and Notice of Rights, entitling him to file a civil action on his Civil Rights and disability claims within 90 days of its receipt. A copy of the Right to Sue letter is attached as **Exhibit A.**

2

8.      180 days have not passed from the date of the filing of the Charge.  However, 180 days will have passed come December 15, 2019, which is a date prior to the date that any answer due to this complaint will become due.  Therefore, Plaintiff brings his FCRA claims now in an effort to avoid needless amendments to the Complaint, especially since 180 days will have passed by the time Defendant is required to respond and there is no identifiable prejudice to the Defendant.

9.      Plaintiff files this action within the applicable period of limitations.

10.     All conditions precedent to this action have been satisfied and/or waived.

## PARTIES

11.     At all times material to this action, Plaintiff was a resident of Lee County, Florida.

12.     At all times material hereto Hiring 4 U, Inc. was a Florida for Profit Corporation that has its principal place of business in Cape Coral, Florida. Hiring 4 U, Inc. can be served with process upon its registered agent, Susan Pinto at 5032 SW 9th Place, Cape Coral, Florida 33914.

13.     At all times material hereto, Hiring 4 U, Inc. regularly and continuously engaged in business in Florida.

14.     At all times material hereto, Hiring 4 U, Inc. was Plaintiff's employer within the meaning of ADA.

15.     At all times material hereto, Plaintiff was an individual, and an employee of Hiring 4 U, Inc., within the meaning of ADA.

16.     At all times material hereto, Hiring 4 U, Inc. was Plaintiff's employer within the meaning of the FCRA.

17.     At all times material hereto, Plaintiff was an individual and an employee of Hiring 4 U, Inc. within the meaning FCRA.

18.     At all times material to this action, Hiring 4 U, Inc. was "engaged in commerce"

within the meaning of the ADA.

19.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

20.     At all times material hereto, Plaintiff is a "qualified individual" under the ADA since he can perform the primary duties of his job with or without an accommodation.  See 42 U.S.C. § 12111(8).

21.     At all times material hereto, Plaintiff had a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major body functions.  Specifically, Plaintiff suffers from epilepsy and epileptic seizures.  .

22.     Plaintiff is covered by the ADA because he is an individual who:

    a.     Has a physical impairment that substantially limits one or more major life activities or bodily functions;

    b.     Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

    c.     Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

23.     Plaintiff is protected by the ADA.

24.     Plaintiff is protected by the FCRA by virtue of his handicap.

## GENERAL ALLEGATIONS

25.     Hiring 4 U, Inc. was, at all relevant times material to this action, a staffing agency that provides temporary staffing services for administrative, warehouse, light industrial and construction companies for its customers.

26.     One of Hiring 4 U, Inc. customer's is the City of Cape Coral.

27.     At all times material hereto Mr. Parkurst was placed into a temporary assignment within the administrative department of City of Cape Coral, as a file clerk, in the permitting department from July 9th, 2018 through his illegal termination on August 23rd, 2018.

28.     During his short time employed, Mr. Parkurst was an exemplary employee whose performance, professionalism and work skills, according to the City of Cape Coral were excellent.

29.     On July 13, 2018, Mr. Parkhurst suffered a seizure and lost consciousness while on the job.   Mr. Parkhurst was transported to the local hospital by ambulance where he was treated. Mr. Parkhurst returned to work the following Monday without restrictions.

30.     On August 20th, 2018, Mr. Parkhurst suffered another seizure while performing his work at the City.  He was, once again, transported to the hospital via ambulance to be treated.

31.     While at the hospital on August 20th, 2018, Mr. Parkhurst received a phone call from Susan Pinto, owner of Hiring 4 U, Inc., ordering Parkhurst to bring a doctor's note "guaranteeing that he would not have any more seizures" otherwise he could not be allowed to return to his work assignment.

32.     Ms. Pinto further explained to Parkhurst that his "condition poses a liability if he were to get seriously injured while having a seizure and hit his head or break a bone."

33.     On August 23rd, 2018, Mr. Parkhurst visited Ms. Pinto's office unable to provide a doctor's note with the language Ms. Pinto demanded.

34.     Mr. Parkhurst was immediately terminated from his temporary assignment position with City of Cape Coral.

35.     On information and belief, the City of Cape Coral did not require a return to work authorization or fitness for duty certification for positions other than police and fire and rescue employees.

36.     Defendant's reason for termination of Plaintiff are discriminatory.

37.     Defendant's reasons for terminating Plaintiff were manufactured, post hoc, after Plaintiff engaged in activities protected by the ADA, and the FCRA.

38.     On August 23rd, 2018, Mr. Parkhurst was terminated from employment as a result of Hiring 4 U, Inc.'s illegal discrimination and/or retaliation.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE ADA

39.     Plaintiff re-alleges paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

40.     Plaintiff is a qualified individual with a disability.

41.     Plaintiff has the requisite skills to perform and can perform the essential functions of his position.

42.     Plaintiff engaged in protected activity under the ADA.

43.     Plaintiff was in need of a reasonable accommodation.

44.     Plaintiff was perceived as disabled by Defendant.

45.     Defendant was Plaintiff's employer as defined by the ADA.

46.     With actual knowledge of Plaintiff's disability Defendant threatened to terminate Plaintiff's employment.

47.     With actual knowledge of Plaintiff's disability Hiring 4u, Inc. demanded Plaintiff to bring a note guaranteeing he would no longer have seizures.

48.     Plaintiff intended to seek treatment to control his seizures but was terminated instead.

49.     Defendant discriminated against Plaintiff because of his disability or perceived disability in violation of the ADA.

50.     Defendant discriminated against Plaintiff by failing to accommodate his disability in violation of the ADA.

51.     Defendant discriminated against Plaintiff because he exercised his rights under the ADA.

52.     Defendant had actual or constructive knowledge of the discriminatory conduct of Plaintiff's supervisors.

53.     Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

54.     Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's disability or perceived disability.

55.     Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

56.     The Defendant's wrongful termination is discrimination on the basis of Mr. Parkhurst's disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112.

57.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

58.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

59.     Defendant's violations of the ADA were willful.

WHEREFORE Plaintiff, Richard Parkhurst, respectfully requests entry of:

a.      judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the ADA;

b.      judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.      judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional

distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

    d.    judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

    e.    judgment in his favor and against Defendant for punitive damages;

    f.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

    g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## UNLAWFUL DISCRIMINATION/RETALIATION IN
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Fla. Stat. 760 et. seq.)

60.    Plaintiff re-alleges paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

61.    Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

62.    Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

63.    Plaintiff was in need for a reasonable accommodation.

64.    Defendant is aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of his disability.

65.    Defendant terminated Plaintiff on the basis of his disability or because Defendant regarded Plaintiff as disabled because of his disability in violation of the FCRA.

66.    Further, Defendant terminated Plaintiff in retaliation for having requested a reasonable accommodation.

67.    As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

68.     Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

69.     Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

70.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

71.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

72.     Plaintiff demand trial by jury.

WHEREFORE, Plaintiff, RICHARD PARKHURST, respectfully requests entry of:

a.      judgment in his favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FCRA;

b.      judgment in his favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.      judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

d.      judgment in his favor and against Defendant for punitive damages;

e.      declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

f.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III

### RETALIATION, INTERFERENCE, COERCION
### AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS ADA

9

73.     Plaintiff re-alleges paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

74.     Title I of the ADA, 42 U.S.C. § 12111 requires that Hiring 4 u, Inc. provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities.

75.     During the time Plaintiff was employed by Hiring 4 u, Inc., Plaintiff engaged in protected activity under the ADA.

76.     Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to discrimination on the basis of his disability.

77.     Hiring 4 u, Inc. retaliated and discriminated against Plaintiff for engaging in said protected activity.

78.     During the time Plaintiff was employed by Hiring 4 u, Inc., he exercised and/or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting and making use of reasonable accommodations for his disability.

79.     Defendants interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

80.     Defendants constructively discharged Plaintiff and terminated his employment after he exercised a right afforded under the ADA.

81.     With actual knowledge of Plaintiff's disability and chronic serious health condition, Defendant terminated Plaintiff's employment.

82.     As such, Hiring 4 U, Inc. retaliated against Mr. Parkhurst.

83.     Under the ADA, Hiring 4 u, Inc. was legally obligated to refrain from retaliating against Plaintiff because of his disability and need for accommodation.

84.     Notwithstanding this obligation under the ADA and in willful violation thereof,

Defendant retaliated against Plaintiff because he disclosed his disability and needed a reasonable accommodation.

85.    As a direct and proximate result of Defendants' retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has suffered damages in an amount to be determined at trial.

86.    Plaintiff demands trial by jury.

WHEREFORE Plaintiff, Richard Parkhurst, respectfully requests entry of:

    a.    judgment in his favor and against Defendant for violation of the anti-retaliation provisions of the ADA;

    b.    judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

    c.    judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

    d.    judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

    e.    judgment in his favor and against Defendant for punitive damages;

    f.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

    g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 4th day of December, 2019.

Respectfully submitted,
s/  Paul M. Botros
Paul M. Botros, Esquire
FL Bar No.:  063365

11

MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com

*Trial Counsel for Plaintiff*