UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD PARKHURST,

    Plaintiff,

v.                                              Case No.:  2:19-cv-863-FtM-38NPM

HIRING 4 U, INC. and CITY OF
CAPE CORAL,

    Defendants.
_____/

**OPINION AND ORDER**[1]

    Before the Court is Defendant City of Cape Coral's Motion to Dismiss First Amended Complaint (Doc. 30) and Plaintiff Richard Parkhurst's response (Doc. 34).

    This is an employment discrimination case.  Parkhurst accuses Cape Coral and Hiring 4 U, Inc. of violating the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA).  Cape Coral moves to dismiss the Amended Complaint under Federal Rules of Civil Procedure 8(a)(2), 10(b), and 12(b)(6).

    The Court recounts the factual background as pled in Parkhurst's Amended Complaint, which it must take as true to decide whether the Amended Complaint states a plausible claim.  See *Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).  Hiring 4 U is a staffing agency, and Cape Coral is one of its customers.  Hiring 4 U hired Parkhurst and assigned him to work as a File Clerk in Cape Coral's

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Community Development department. Cape Coral controlled Parkhurst's day-to-day employment.

Parkhurst suffers from epilepsy and epileptic seizures. A few days into his assignment at Cape Coral, Parkhurst had a seizure while on the job and was taken to a hospital by ambulance. About five weeks later, Parkhurst had a second seizure while on the job and was again rushed to a hospital by ambulance. While Parkhurst was in the hospital, Hiring 4 U owner Susan Pinto told him he could not return to work without a doctor's note guaranteeing he would not have more seizures. The next day, Parkhurst told Pinto he could not provide the required doctor's note, and Pinto immediately terminated his Cape Coral assignment.

Parkhurst filed a Charge of Discrimination with the EEOC and the Florida Commission of Human Relations against both Defendants. The EEOC dismissed the Charge against Hiring 4 U first, and Parkhurst filed this case. When the EEOC also dismissed the claim against Cape Coral, Parkhurst filed his Amended Complaint to add Cape Coral as a defendant. The Amended Complaint asserts three counts: (1) "DISCRIMINATION IN VIOLATION OF THE ADA," (2) "UNLAWFUL DISCRIMINATION/RETALIAION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT," and (3) "RETALIATION, INTERFERENCE, COERCION, AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS ADA."

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R.

Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Parkhurst's Amended Complaint is confusing. The factual allegations suggest a straightforward wrongful termination claim. But the counts are so muddled they render the Amended Complaint incomprehensible. Each includes a burst of alternatingly repetitive and disjointed legal conclusions, some with no apparent connection to the facts. For example, Count 1 alleges:

> 63. Defendants discriminated against Plaintiff because of his disability or perceive disability in violation of the ADA.
> 64. Defendants discriminated against Plaintiff by failing to accommodate his disability in violation of the ADA.
> 65. Defendants discriminated against Plaintiff because he exercised his rights under the ADA.
> 66. Defendants had actual or constructive knowledge of the discriminatory conduct of Plaintiff's supervisors.[2]
> 67. Defendants' acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.
> 68. Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's disability or perceived disability.
> 69. Defendants conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.
> 70. The Defendants' wrongful termination is discrimination on the basis of Mr. Parkhurst's disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112

(Doc. 25). The other two counts are no better. Each count also includes vague allegations about reasonable accommodations and protected activity, leaving Defendants

---

[2] This is the first and only time the Amended Complaint mentions Parkhurst's supervisors.

3

and the Court to guess what accommodations Parkhurst requested and what protected activity he engaged in.

Parkhurst's counts are so scattershot the Court cannot fairly evaluate them. The Court will thus dismiss the Amended Complaint and allow Parkhurst to file a second amended complaint. The counts in the new complaint should identify the facts upon which they are based, clearly state the underlying legal theory or theories, and omit vague, redundant, and irrelevant allegations.

Accordingly, it is now

**ORDERED:**

Defendant City of Cape Coral's Motion to Dismiss First Amended Complaint (Doc. 30) is **GRANTED**.

(1) Plaintiff Richard Parkhurst's First Amended Complaint (Doc. 25) is **DISMISSED without prejudice**.

(2) Plaintiff may file a second amended complaint on or before **August 3, 2020**. **The Court will close the case without further notice if Plaintiff does not timely file a second amended complaint.**

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of July, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4