UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD PARKHURST,

    Plaintiff,

v.                                     Case No.: 2:19-cv-863-FtM-38NRM

HIRING 4 U, INC. AND CITY OF
CAPE CORAL,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant City of Cape Coral's Motion to Dismiss Plaintiff Richard Parkhurst's Second Amended Complaint (Doc. 36) and Parkhurst's response (Doc. 41).

### Background

This is an employment discrimination case. Parkhurst accuses Cape Coral and Hiring 4 U, Inc. of violating the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA). Cape Coral moves to dismiss the Second Amended Complaint under Federal Rules of Civil Procedure 8(a)(2), 10(b), and 12(b)(6).

The Court recounts the factual background as pled in Parkhurst's Second Amended Complaint, which it must take as true to decide whether Parkhurst states a plausible claim. See Chandler v. Sec'y Fla. Dep't of Transp., 695 F.3d 1194, 1198-99 (11th Cir. 2012). Hiring 4 U is a staffing agency, and Cape Coral is one of its customers. Hiring 4 U hired Parkhurst and assigned him to work as a File Clerk in Cape Coral's Community Development department. Cape Coral controlled Parkhurst's day-to-day employment.

Parkhurst suffers from epilepsy and epileptic seizures. A few days into his assignment at Cape Coral, Parkhurst had a seizure while on the job and was taken to a hospital by ambulance. Cari Kaletta, a Cape Coral supervisor, visited Parkhurst at the hospital, then informed Hiring 4 U owner Susan Pinto that Parkhurst would return to work the following week. About five weeks later, Parkhurst had a second seizure while on the job and was again rushed to a hospital by ambulance. While Parkhurst was in the hospital, Pinto told him he could not return to work without a doctor's note guaranteeing he would not have more seizures. The next day, Parkhurst told Pinto he could not provide the required doctor's note, and Pinto immediately terminated his Cape Coral assignment.

Parkhurst filed a Charge of Discrimination with the EEOC and the Florida Commission of Human Relations against both Defendants. The EEOC dismissed the Charge against Hiring 4 U first, and Parkhurst filed this case. When the EEOC also dismissed the claim against Cape Coral, Parkhurst filed his Amended Complaint to add Cape Coral as a defendant. The Court dismissed Parkhurst's First Amended Complaint with leave to amend, and the Second Amended Complain followed.

## Legal Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The problem with shotgun pleadings is that

they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party.  "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007).  A claim is facially plausible when the Court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct.  See *Iqbal*, 556 U.S. at 678.  But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a twostep approach: "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## Discussion

A. <u>Shotgun Pleading</u>

Cape Coral argues the Second Amended Complaint has two defects:  Parkhurst "combines claims against both defendants in each count" and "realleges all preceding paragraphs in support of each claim." (Doc. 39 at 1-2).  The Court disagrees

Parkhurst indeed asserts his four counts jointly against both Defendants, and the first paragraph of each realleges common factual allegations—not "all preceding paragraphs."  But the Second Amended Complaint is not a shotgun pleading.  Realleging

factual allegations in each count is appropriate when, as here, the counts are based on a common set of facts. And pleading jointly against both Defendants is proper because Parkhurst alleges they were his joint employers and thus each liable for the same discriminatory conduct. See *Abbasi v. Bhalodwala*, 149 F. Supp. 3d 1372, 1376 (M.D. Ga. 2015) (refusing to dismiss complaint as a shotgun pleading when "all of the Plaintiff's counts are based on a common factual scenario, and each Defendant is purportedly liable under each count.").

B. <u>Failure to State a Claim</u>

Counts 1 and 2 state that Defendants unlawfully discriminated against Parkhurst by terminating him in violation of the ADA and FCRA. Cape Coral argues Parkhurst failed to "allege any facts which establish that the City participated in or had the ability to control the decision to terminate Plaintiff." (Doc. 39 at 6). Not so. Parkhurst alleges that Kaletta—his Cape Coral supervisor—unilaterally decided he could return to work after his first seizure. After his second seizure, Kaletta informed Pinto, Pinto gave Parkhurst the doctor's note ultimatum, and Pinto later informed Kaletta that Parkhurst would not return to work. The Court can reasonably infer from these facts that Kaletta participated in the termination decision on behalf of Cape Coral. Counts 1 and 2 thus state plausible claims against Cape Coral.

Counts 3 and 4 are purportedly based on Defendants' failure to reasonably accommodate Parkhurst as required by the ADA and FCRA. But closer scrutiny reveals they are mere restatements of Counts 1 and 2 awkwardly framed as failure-to-accommodate claims. Parkhurst does not allege he requested an accommodation, nor does he allege the need for a particular accommodation was obvious. See *Medina v. City*

*of Cape Coral, Fla.*, 72 F. Supp. 3d 1274, 1278 (M.D. Fla. 2014) (To state a claim for failure to provide a reasonable accommodation, "the plaintiff must show that she requested an accommodation or that the need for such an accommodation was obvious and the entity refused to provide one.").

Here is the closest Parkhurst comes to stating what accommodation Defendants should have made:

> To the extent Hiring 4 U and/or City of Cape Coral takes the position that a work authorization or medical release was required for Plaintiff to return to his job, because same is not related to Plaintiff's ability to perform his job with or without an accommodation, Defendants should have waived any such requirement as a reasonable accommodation to Plaintiff.

(Doc. 36 at 17). But Parkhurst also alleges—in a paragraph incorporated into Counts 3 and 4 by reference—that "Cape Coral does not require a return to work authorization or a fitness for duty certification for employees in Mr. Parkhurst's position" and that he could do the job "with or without an accommodation." (Doc. 36 at 5, 8). Thus, Parkhurst did not need an accommodation from Cape Coral.

At bottom, Parkhurst seemingly complains that Cape Coral should have accommodated him by not terminating him. The lawfulness of the termination will be litigated in Counts 1 and 2. It is not a valid basis for a failure-to-accommodate claim.

Accordingly, it is now

**ORDERED**:

Defendant City of Cape Coral's Motion to Dismiss Second Amended Complaint (Doc. 39) is **GRANTED in part and DENIED in part**.

(1) Counts 3 and 4 of Parkhurst's Second Amended Complaint are **DISMISSED** as to City of Cape Coral.

(2) Cape Coral shall file an answer on or before **October 14, 2020**.

**DONE and ORDERED** in Fort Myers, Florida this 29th day of September, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record